**Michael D. CORNWELL; et al.,
Petitioners—Appellants,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.**

Nos. 08–71458.

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2009.*

Filed May 26, 2009.

Michael D. Cornwell, Los Angeles, CA, pro se.

Hilary J. Iker, Los Angeles, CA, pro se.

Ivan Clay Dale, Richard T. Morrison, Esquire, Teresa E. McLaughlin, DOJ—U.S. Department of Justice, Washington, DC, Robert R. Di Trolio, Esquire, Washington, DC, Donald L. Korb, Esquire, Acting Chief Counsel, Washington, DC, for Respondent–Appellee.

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

## MEMORANDUM **

Michael D. Cornwell and Hilary J. Iker appeal pro se from the tax court's decision, after a bench trial, upholding the Internal Revenue Service's determinations to collect by levy unpaid federal income taxes for 2002 and to file federal tax liens for unpaid taxes for 1994–2002. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review the tax court's decision de novo. *Johanson v. Comm'r*, 541 F.3d 973, 976 (9th Cir.2008). We affirm.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The Commissioner's failure to consider appellants' July 2006 faxes, even if in error, was not prejudicial, and therefore does not constitute grounds for reversal. *See Vt. Yankee Nuclear Power Corp. v. NRDC,* 435 U.S. 519, 558, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978) (administrative decisions should not be set aside absent prejudicial error); *see also* 26 U.S.C. § 6330(d)(2) (authorizing subsequent hearings to address a taxpayer's "change in circumstances").

The Commissioner's response to appellants' May 30, 2006 correspondence was not an abuse of discretion because appellants raised arguments that the Commissioner had previously considered. *See Fargo v. Comm'r,* 447 F.3d 706, 709 (9th Cir.2006) (reviewing Commissioner's actions for abuse of discretion).

The Commissioner did not abuse his discretion by calculating a reasonable collection potential based on Cornwell's past income because appellants failed to present persuasive evidence that Cornwell's overtime had declined, or would decline in the future. *See id.*

We do not reach appellants' contention that the administrative record rule applies to tax court proceedings under 26 U.S.C. § 6330 because the tax court did not consider evidence outside the administrative record in this case.

Appellants' remaining contentions are unpersuasive.

Appellants' request for judicial notice is granted.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.